BRISCOE, Chief Judge,
concurring.
I concur in the result.
Although I agree with the majority that the roadblock implemented by the police in this case was constitutional at its inception, I disagree with the majority that the police developed individualized reasonable suspicion of Paetsch within approximately 29 minutes of the beginning of the roadblock. To be sure, it is undisputed that approximately 29 minutes after the initiation of the roadblock, Paetsch and another individual were removed from their vehicles, handcuffed, and directed to sit on a nearby curb, based upon what the police perceived to be suspicious behavior on their part. But the record indicates that this was a protective measure taken by the police to ensure officer and public safety, rather than an identification or seizure of the person the police believed to be the bank robber. Quite simply, I find no support for the conclusion reached by the majority that the police had an individualized reasonable suspicion of Paetsch at that point in their investigation. Notably, the police informed Paetsch, after he was removed from his vehicle and handcuffed, that he was not a suspect and they asked for, but were denied, his consent to search his vehicle. United States v. Paetsch, 900 F.Supp.2d 1202, 1209 (D.Colo.2012). Further, following the removal and handcuffing of Paetsch and the other individual, the police continued to wait for the homing beacon to arrive and be used. And, long after Paetsch and the other individual were removed from their vehicles and handcuffed, the police removed all persons who were single occupants of vehicles and handcuffed them. In doing so, high-risk traffic stop techniques were utilized, with police officers in teams, and with weapons drawn, approaching the vehicles from behind. Ultimately, it appears that the police did not truly develop reasonable individualized suspicion of Paetsch until at least 5:28 p.m. (approximately 87 minutes after the initiation of the roadblock) when the police, in conducting their “secondary search” of every vehicle, observed through the front passenger side window of Paetsch’s vehicle “a $2,000 bank ‘money band,’ a slip of colored paper from banks that wraps around a stack of bills.” Id. at 1210.
But, even if I were to conclude that the length of the stop resulted in a violation of Paetsch’s constitutional rights, I am not persuaded that this is an appropriate ease in which to apply the exclusionary rule. As the Supreme Court has explained, the exclusionary rule is a “prudential” doctrine *1177 created to “compel respect for the constitutional guaranty” by “deterfring] future Fourth Amendment violations.” Davis v. United States, — U.S. -, 131 S.Ct. 2419, 2426, 180 L.Ed.2d 285 (2011) (internal quotation marks and citation omitted). Consequently, the Supreme Court has “limited the rule’s operation to situations in which this purpose is thought most efficaciously served.” Id. (internal quotation marks omitted). “Where suppression fails to yield appreciable deterrence, exclusion is clearly ... unwarranted.” Id. at 2426-27 (internal quotation marks omitted). In other words, “[f]or exclusion to be appropriate, the deterrence benefits of suppression must outweigh its heavy costs.” Id. at 2427.
In this case, the record firmly establishes that the police acted in good faith, both in initiating the roadblock and in attempting to identify the bank robber among the stopped motorists. The long delay in actually identifying Paetsch as the robber was not the result of “deliberate, reckless, or grossly negligent” conduct on the part of the police, id. (internal quotation marks omitted), nor was it the result of “any recurring or systemic negligence on the part of law enforcement,” id. at 2428 (internal quotation marks omitted). Rather, the record indicates that the delay was the result of “simple, isolated negligence” on the part of the police in obtaining and initially using the homing beacon. Id. at 2427-28 (internal quotation marks omitted). In short, the police errors that occurred in this case “lack[ ] the culpability required to justify the harsh sanction of exclusion.” Id. at 2428.
For these reasons, I affirm the district court’s order denying Paetsch’s motion to suppress.